IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ESTATE OF WILLIAM RYLAND<br>MATTERN, III et al., | * | |
| | * | |
| Plaintiffs, | | Case No. JFM 02 CV 1109 |
| vs. | * | |
| HONEYWELL INTERNATIONAL INC., | * | |
| Defendant. | * | |

********

DEFENDANT HONEYWELL INTERNATIONAL INC.'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR ATTORNEY'S FEES</u>

**PITNEY, HARDIN, KIPP & SZUCH** LLP
(mail to:)
P.O. Box 1945
Morristown, NJ  07932-1945
(deliveries to:)
200 Campus Drive
Florham Park, NJ  07932-0950
Tel.:  (973) 966-9300
Fax.:  (973) 966-1550

- and -

**PIPER RUDNICK LLP**
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Tel.:  (401) 580-3000
Fax.:  (401) 580-3001

**ATTORNEYS FOR DEFENDANT
HONEYWELL INTERNATIONAL INC.**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

ARGUMENT .............................................................................................................................1

    The *Quesinberry* Factors Support An Award Of Attorney's
    Fees In This Case ...............................................................................................................1

CONCLUSION ..........................................................................................................................8

## TABLE OF AUTHORITIES

Page

**Cases**

*Great-West Life & Annuity Ins. Co. v. Knudson*, 122 S. Ct. 708 (2002) .................................................................................................................... 7

*Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134 (1985) ................................................................................................. 2, 7

*Mertens v. Hewitt Associates*, 508 U.S. 248 (1993) ......................................................... 7

*Quesinberry v. Life Insurance Company of North America*, 987 F.2d 1017 (4th Cir. 1993) ............................................................................................ 1

*Reinking v. Philadelphia American Life Insurance Co.*, 910 F.2d 1210 (4th Cir. 1990) ................................................................................................. 1

**Statutes**

Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* ................................................................. 1

ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1) .................................................................. 1, 2

**Constitutional Provisions**

U.S. Constitution, article III ............................................................................................ 3

## ARGUMENT

### THE *QUESINBERRY* FACTORS SUPPORT AN AWARD OF ATTORNEY'S FEES IN THIS CASE

Both Plaintiffs and Defendant Honeywell International, Inc. ("Honeywell") agree as to the five factors used by the courts in the Fourth Circuit when deciding motions for attorney's fees in ERISA cases.[1] However, Plaintiffs fail to present any compelling argument as to why these factors do not all support an award of fees to Honeywell.

*First Factor.* Plaintiffs argue that the first factor, which assesses the parties' relative culpability or bad faith, should be decided in favor of Plaintiffs because they were the aggrieved party. (Opp. Br. at 3.) The status of the parties (*i.e.*, whether as plaintiff pursuing a claim or defendant) is not relevant to an attorney's fee motion. Indeed, Section 502(g) of ERISA expressly states that attorney's fees may be awarded "to *either* party." ERISA § 502(g)(1) (emphasis added); 29 U.S.C. § 1132(g)(1).

For purposes of this motion, it is clearly Honeywell who is the "aggrieved party". Honeywell had to defend against a meritless claim, and Plaintiffs prosecuted this case despite their knowledge that they lacked a right to relief under ERISA.

---

[1] Plaintiffs cite *Reinking v. Philadelphia American Life Insurance Co.*, 910 F.2d 1210 (4th Cir. 1990), which is the predecessor to *Quesinberry v. Life Insurance Company of North America*, 987 F.2d 1017 (4th Cir. 1993), the case upon which Honeywell primarily relies. To the extent that *Reinking* supports a mandatory presumption in favor of granting attorney's fees, it is explicitly overruled by *Quesinberry*. See *Quesinberry*, 987 F.2d at 1030.

In arguing that Plaintiffs exhibited bad faith in pursuing this lawsuit, Honeywell relied on the fact that, despite controlling and binding legal authority clearly showing that the relief sought by them was not permitted under ERISA, and despite Honeywell's having brought this authority to their attention early in the case, Plaintiffs nevertheless insisted on pursuing this litigation, forcing Honeywell needlessly to incur attorney's fees in defending itself.  *See* Honeywell's Opening Br. at 3-4.  It was exactly this controlling legal authority that resulted in the Court's awarding summary judgment to Honeywell.  *See* Memorandum Opinion at 4-5.

Plaintiffs' "relative culpability" is only confirmed by their opposition to this motion.  In their opposition brief, Plaintiffs concede that the case law under Section 502(a)(3) afforded them no remedy.  (Opp. Br. at 3 ("The only reason Honeywell was victorious is because Plaintiffs' [*sic*] have no remedy for the wrong done to them") (citing *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134 (1985)).  However, they assert that a person may nonetheless sue someone in order to "bring to the court['s] and the public's attention" that party's negligent conduct.  (Opp. Br. at 3 (citation omitted).)  Plaintiffs make this same specious argument later in their brief, at page 6.  Despite acknowledging their lack of a remedy under the statute, Plaintiffs again insist that "they should not be deterred from filing legitimate [*sic*] claims . . . since the purpose of ERISA is 'to secure access to federal courts . . . ,'" and ERISA was intended "to encourage litigation . . . to expose companies who engage in [fiduciary] abuses." (*Id.* at 6 (citations omitted).)

2

Plaintiffs' theory of litigation appears to be based upon the notion of "public spectacle." Although federal courts are often presented with cases involving difficult or important public policy questions where a defendant's conduct is held up to scrutiny, it is *always* accomplished through the means of a "case or controversy." U.S. Const., Art. III. No court has recognized what the Plaintiffs here suggest is their right -- in effect, to "make an example" of a defendant where they know that there is no relief to be had.

In their opposition brief, Plaintiffs argue that Honeywell committed a breach of fiduciary duty, and wrongfully withheld beneficiary information, as well as assets, which resulted in the monetary loss complained of by Plaintiffs. (Opp. Br. at 1.) When Judge Motz rendered his decision in this case, he made it clear, as Honeywell has maintained from the outset, that it is irrelevant to this case whether a breach of fiduciary duty has occurred. "For purposes of this motion I will assume plaintiffs would be able to establish a breach of the plan administrator's fiduciary duties **because the ultimate success or failure of the claim on the merits is irrelevant to the legal arguments made by defendant** in support of this motion." Memorandum Opinion at footnote 2 (emphasis added). Likewise, in this motion for attorney's fees, the issue is wholly irrelevant. What is controlling, as in the motion for summary judgment, is that the type of relief the plaintiffs are seeking is simply not permitted under ERISA.[2]

---

[2] Plaintiffs contend that "Honeywell employees admitted to Plaintiffs' counsel that it did make a mistake by retaining the funds instead of transferring them into [an]…IRA." (Opp. Br. at 3).

*(footnote continued . . )*

In arguing against the imposition of attorney's fees, Plaintiffs also suggest that Honeywell's motion for fees represents an attempt to "punish" Plaintiffs for bringing this suit. Not true. Honeywell is simply seeking to be made whole for the unnecessary attorney's fees it had to incur in defending itself against a claim that lacked merit (because of the unavailability, under the current statutory scheme, of the relief sought by Plaintiffs).

*Second Factor.* With respect to the second factor, which weighs the ability of the party opposing the attorney's fee motion to satisfy an award, Plaintiffs argue (without submitting any affidavit in support of the factual assertions upon which they rely) that one of the two sons of the deceased beneficiary has been out of work for the duration of this litigation, and the other son is employed as a truck driver. (Opp. Br. at 5.) This does not change the fact that over $260,000 has been paid out to the estate by the Plan.

Plaintiffs also assert that, despite this substantial distribution, they could not afford the losses they experienced as a result of Honeywell's alleged negligence, much less Honeywell's attorney's fees. (Opp. Br. at 6.) According to Plaintiffs, this is

---

*(. . . footnote continued)*
Notwithstanding the fact that this is also irrelevant, Honeywell vigorously denies this assertion, which is based upon self-serving evidence – a letter written on August 14, 2001 by Ms. Ellis and addressed to Honeywell. See Opposition to Summary Judgment at Exhibit A. Moreover, a careful review of the purported "admission" does not clarify this issue. Instead it only muddies the waters. The language Ms. Ellis uses in her letter, that the "banking agent, in error, set up an account", and that "due to Honeywell's bank's error" financial hardship resulted, even if accepted as true does nothing to support the proposition that Honeywell itself admitted to any error on its own behalf. (See Opposition to Summary Judgment at Exhibit A).

4

"clearly demonstrated by the fact that Plaintiffs offered to settle this case…for $5,000 before Honeywell even filed an answer". (Opp. Br. at 6.) In support of this contention, Plaintiffs rely upon two letters, written by Ms. Ellis to Honeywell's counsel, and attached to their motion as Exhibit B. In both letters, Plaintiffs' counsel alludes to offers to settle this case. These are simply self-serving statements embodied in correspondence written by Plaintiffs' counsel. In the first letter, which is dated June 18, 2002 (admittedly before Honeywell's answer was filed), Ms. Ellis states "[m]y clients are willing to settle for a fraction of the amount requested in the complaint…this is the one and only time any settlement offer will be made…". There is no reference either explicit or to be inferred that the stated settlement offer was $5,000. Even if there had been, Honeywell was certainly not under any obligation to accept the settlement offer. The second letter, dated February 11, 2003, although it does refer to an offer of $5,000, was written after this motion was filed.

*Third Factor.* The third factor is whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances. Honeywell does not dispute that plaintiffs in general should not be deterred from filing **legitimate** claims. However, where a claim lacks legal merit (because an element of the claim – here, the remedy – cannot be established), the plaintiff *should* be deterred from bringing suit.

*Fourth Factor.* The fourth factor assesses whether the party requesting attorney's fees is seeking to benefit all participants and beneficiaries of an ERISA plan or

5

to resolve a significant legal question regarding ERISA. Plaintiffs argue that granting Honeywell attorney's fees will encourage deceitful manipulation of beneficiary assets and applaud fiduciary misconduct by rewarding such behavior. (Opp. Br. at 7.) In setting forth this argument, Plaintiffs are again assuming that there has been a finding that Honeywell engaged in such misconduct. There has been no such finding. See Memorandum Opinion at footnote 3 ("Plaintiffs have not clearly identified any provisions of the plan or of ERISA itself that have been violated by the defendants…I will assume *arguendo* that plaintiffs could prove such a violation.")

*Fifth Factor.* The fifth and final factor assesses the relative merits of the parties' positions. Plaintiffs make the familiar argument: "Honeywell clearly injured plaintiffs by their negligent fiduciary actions and cost Plaintiffs thousands of dollars." (Opp. Br. at 7.) There has been no finding of law or of fact to support this. The fact that Honeywell was granted summary judgment – although not dispositive of the motion for attorney's fees – most certainly indicates that the relative merits of Honeywell's position in the underlying suit were superior to those of Plaintiffs.

Finally, despite the grant of Defendants' Motion for Summary Judgment, and the Memorandum Opinion that was issued, Plaintiffs also argue that ERISA does provide relief of the type requested by Plaintiffs. (Opp. Br. at 1). In attempting to reargue their case in this Motion for Attorney's Fees, Plaintiffs cite to the Amicus Curiae Brief of the Secretary of Labor in *Oster v. Oce-USA, Inc.*, Case No. 00 C 7753, attached as Exhibit A to Plaintiffs' Opposition Brief. Plaintiffs offer no background information

concerning the *Oster* case (such as the allegations concerning the claim for which damages were sought). In any event, Plaintiffs' position is clearly contrary to overwhelming case law. *See Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134 (1985); *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993); and *Great West Life & Annuity Insurance Company v. Knudson*, 122 S.Ct. 708 (2002). That the U.S. Department of Labor disagrees with the controlling Supreme Court precedent and may wish to change it is not a basis for concluding that Plaintiffs' claim had merit. It did not, as this Court ruled in its Memorandum decision.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in its opening brief, Defendant Honeywell International Inc. respectfully requests an award of its reasonable attorney's fees in this case, and such other and further relief as the Court may deem just and appropriate.

Dated: Morristown, New Jersey
       March 11, 2003

                                Respectfully submitted,

                                **PITNEY, HARDIN, KIPP & SZUCH LLP**

By: _____/s/_____
      Glenn E. Butash, Esq.
      (admitted *pro hac vice*)
      (signed by David W. Stamper with
      permission of Glenn E. Butash)
      For the Firm
(mail to:)
P.O. Box 1945
Morristown, NJ  07932-1945
(deliveries to:)
200 Campus Drive
Florham Park, NJ  07932-0950
Tel.: (973) 966-9300
Fax.: (973) 966-1550

- and -

8

                                                          /s/
_____
Russell H. Gardner, Esq. (No. 00040)
David W. Stamper, Esq. (No. 26750)

**PIPER RUDNICK LLP**
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Tel.: (401) 580-3000
Fax.: (401) 580-3001

**ATTORNEYS FOR DEFENDANT
HONEYWELL INTERNATIONAL INC.**

<u>Of Counsel</u>:
Glenn E. Butash, Esq.
Richard Plumpton, Esq.
(admitted *pro hac vice*)

9